IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| WILLIAM L. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-00053 |
| | ) | |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, William L. Jenkins, a state prisoner at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Tennessee Department of Corrections ("TDOC"); Derrick Schofield, TDOC Commissioner; Corrections Corporation of America ("CCA"); South Central Correctional Facility ("SCCF"); Arvil Chapman, SCCF Warden; Gregory Keeton, SCCF Gang Coordinator; Christopher McClain, SCCF Chief of Security; Daniel Johnson, SCCF Captain; Hank Indman; SCCF Senior Officer: Robin Todd, Amber Bass, Tommy Mize; Leigh Staggs; Richard Burke, SCCF officers; Jessica McElroy, SCCF Grievance Chairperson; Wendy Ashe; SCCF Medical Director; Clarence Potts, SCCF Chief of Security; and the SCCF Medical Department. Plaintiff challenges the conditions of his previous confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee.

In his original complaint, Plaintiff asserted four claims: (1) reckless disregard by prison and TDOC officials of a serious and imminent risk of harm to Plaintiff posed by other inmates, causing

1

Plaintiff to be stabbed in the chest and face with a five-inch knife by a fellow inmate; (2) Defendant Tommy Mize's deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment; (3) Defendants "SCCF Medical Department" and Wendy Ashe's deliberate indifference to Plaintiff's serious medical needs; and (4) retaliation for Plaintiff's exercise of his First Amendment rights to submit prison grievances.

In an earlier Order, the Court concluded that Plaintiff stated colorable claims against Defendants Schofield, CCA, Gregory Keeton, Hank Indman, Robin Todd, Amber Bass, Daniel Johnson, Christopher McClain, and Arvil Chapman for their alleged knowledge and deliberate indifference to the imminent and serious risk to Plaintiff's personal safety due to gang violence at SCCF. (Docket Entry No. 3). The Court also concluded that Plaintiff states a viable Eighth Amendment claim against Defendant Mize in his individual capacity as well as a colorable retaliation claim against Staggs and Burke, but the Court dismissed Plaintiff's claims against the Defendants: TDOC, Jessica McElroy, SCCF Medical Department, Wendy Ashe and the SCCF Medical Director. Id. at 10.

Before the Court is Plaintiff's motion to file an amended complaint (Docket Entry No. 38).[1] Plaintiff now seeks to add Adam Hendrix, Arvil Chapman, Judy Williams, Melissa Rodriguez, Byron Pounds and Gregory Pounds, whom he alleges are CCA employees. Plaintiff further seeks to add TDOC officials John Fisher, Carolyn Jordan, and Jason Woodall as defendants. Under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the Court must conduct an initial review of a complaint. In addition, a proposed amended complaint can be denied, if futile. Payton-Bey v. Vidor,

---

[1]This is actually Plaintiff's second amended complaint. See Docket Entry No. 8.

68 F.3d 475, 1995 WL 603241 (6th Cir. 1995); Fed. R. Civ. P 15(a).

### A. Analysis of the Proposed Amended Complaint

In his proposed amended complaint, Plaintiff alleges that during a disciplinary hearing at SCCF, he was wrongfully convicted of assaulting an inmate for which he received a six (6) month extension to his criminal sentence, a five (5) year extension to his release eligibility date, and an transfer indefinitely to maximum security confinement. Plaintiff specifically alleges that the disciplinary process at SCCF violated his due process rights and seeks to overturn his disciplinary conviction and the sanctions imposed.

According to the proposed amended complaint, Plaintiff's substantive claims are: (1) that he was "wrongfully convicted of assaulting Mr. Jermaine Driver" (Docket Entry No. 38-1, at 1). Plaintiff cites Driver's statements to prison investigators that Eric Greer and Gerald Ewing attacked Plaintiff. Plaintiff further alleges that he was given a "6 month extension to his criminal sentence, a five year extension to his release eligibility date, and maximum security confinement." Id. Plaintiff alleges denial of access to favorable evidence that was collected during the SCCF internal investigation in violation of his due process rights and rights under the Equal Protection Clause of the Fourteenth Amendment as well as his First Amendment rights to be free of retaliation for his exercise of his rights.

As to Defendant CCA, Plaintiff alleges that SCCF employees treated him unfairly and were prejudiced towards him in that: (1) Gregory Ponds sealed away statements that would have helped Plaintiff defense to the disciplinary charge; (2) Gregory Ponds and Byron Ponds wrote a disciplinary infraction based upon false information; (3) Gregory Ponds withheld investigative reports that

3

Plaintiff could prove his innocence of the disciplinary charge; and (4) these acts caused him post traumatic stress disorder, paranoia, anxiety and depression.

As to Defendant Derrick Schofield, Plaintiff alleges that Schofield ignored the Plaintiff's appeals that were addressed to him and Schofield upheld the SCCF disciplinary board's decisions and imposed the punishment recommended by the board.

Plaintiff alleges that Defendant Arvil Chapman ignored his complaints about the disciplinary board and upheld the disciplinary board's decision. In addition, Chapman allegedly increased the Plaintiff's close custody security status to a maximum security status although Plaintiff's score was allegedly too low for maximum security status.

As to Defendants Gregory Keeton and Carolyn Jordan, Plaintiff alleges that Keeton was an institutional investigator who was unfair and prejudiced towards the Plaintiff and also did not conduct the internal investigation properly. Defendant Carolyn Jordan allegedly failed to correct important errors in the disciplinary reports in violation of TDOC's policy, and caused Plaintiff to be found guilty of the disciplinary charge.

### B. Conclusions of Law

Plaintiff's due process and related claims are based upon his disciplinary hearing and sanctions. For such claims, Plaintiff must allege plausible facts that the disciplinary sanction constitutes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). For this due process claim, Plaintiff's liberty must be restrained in a way that "exceed[s] the [prisoner's] sentence in . . . an unexpected manner." Id. Here, Plaintiff alleges that the Defendants' disciplinary sanction extended his sentence

by six (6) months. Under Sandin, the Court concludes this sanction renders Plaintiff's procedural due process and fairness claims actionable.

Yet, where the § 1983 claims would affect the fact or length of a prisoner's incarceration, exhaustion of state remedies under 28 U.S.C. § 2254 is required before granting any relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 497 (1973). Moreover, Heck v. Humphrey, 512 U.S. 477 (1994), holds that for § 1983 claims affecting a prisoner's sentence, dismissal of the § 1983 action is required unless the state conviction had been previously vacated or invalidated or the claim is a Fourth Amendment claim that has been properly preserved.

> **We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.** A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. . . .
>
> * * *
>
> . . . Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus . . . Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen . . .

5

Id. at 486. 489 (emphasis added).

As a distinguishing feature, the Court in Heck emphasized that a § 1983 claim does not exist until a conviction is legally eliminated:

> In another respect, however, our holding sweeps more broadly than the approach respondents had urged. **We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action**. Even a prisoner who has fully exhausted available state remedies has no cause of action under a § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

Id. at 489 (emphasis added). Heck has been cited for dismissals under § 1915A. McGlone v. Cole, 86 F.3d 1156, 1996 WL 279877 (6th Cir. 1996).

In Williams v. Wilkinson, 51 Fed. Appx. 553, 2002 WL 31558075 (6th Cir. 2002) (citing Heck and Edwards v. Balisok, 520 U.S. 641, 645 (1997)), the Sixth Circuit held that where "the effect of [a prisoner's] claim if successful would necessarily imply the invalidity of a prior administrative hearing, the prisoner does not have a viable § 1983 claim. As the Sixth Circuit stated: " [L]ike Plaintiffs in Heck, Edwards, and Huey, granting Plaintiff the relief he requested would necessarily imply the invalidity of the [the agency's] decision. Thus, Heck, Edwards, and Huey foreclose Plaintiff's claim." Id. at 558.

The Court concludes that Plaintiff's due process, equal protection and retaliation claims all involve the legality of his disciplinary conviction for which his sentence was extended. Plaintiff now seeks to add claims against the existing Defendants that are not ripe Section 1983 claims. As to the remaining individual Defendants who are sought to be added, Plaintiff also does not allege specific facts about any of those Defendants' conduct that is required to state a viable claim. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

For these reasons, the Court concludes that Plaintiff's motion to amend his complaint should be denied.

An appropriate Oder is filed herewith.

**ENTERED** this the 21st day of October, 2014.

William J. Haynes, Jr.
United States District Judge