IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


WILLIAM L. JENKINS          )
                                       )
       v.                     )      NO. 1:14-0053
                                       )
TENNESSEE DEPARTMENT OF       )
CORRECTION, et al.           )


TO:  Honorable William J. Haynes, Senior District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered December 12, 2014 (Docket Entry No. 81), this action was referred to the

Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules

of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary

conferences and hearings, and to submit a report and recommendation for disposition of any motion

filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is the Defendants' motion for summary judgment (Docket Entry No. 88),

to which the Plaintiff has not filed a response.[1]  For the reasons set out below, the Court recommends

that the motion be granted and this action be dismissed.

---

[1] By Order entered February 19, 2015 (Docket Entry No. 100), the Plaintiff was advised of
the motion and given a deadline of March 27, 2015, by which to respond.

# I. BACKGROUND

The Plaintiff is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the Morgan County Correctional Complex in Wartburg, Tennessee. On April 16, 2014, he filed this action pro se and in forma pauperis against eighteen defendants[2] seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee in 2013.

The Plaintiff was stabbed with a weapon during a fight with several other inmates that occurred on September 1, 2013. He suffered serious injuries to his face, chest, and right arm in the attack and asserts that the attack has also caused him to suffer from mental health problems. He contends that the fight was the culmination of gang-related violence at the SCCF that had been escalating during the preceding two months. The Plaintiff alleges that several of the Defendants were aware of, but recklessly disregarded, the serious and imminent risk of harm to the Plaintiff posed by other inmates because of the gang violence at the SCCF and that this disregard resulted in the attack upon him.

Specifically, the Plaintiff alleges that the Defendant SCCF officials were aware of rumors of a possible gang riot at the SCCF but failed to take steps to avert such a riot and, instead, met with

---

[2] The Plaintiff named as defendants: the Tennessee Department of Corrections ("TDOC"); TDOC Commissioner Derrick Schofield; Correction Corporation of America ("CCA"); South Central Correctional Facility ("SCCF"); SCCF Warden Avril Chapman; SCCF Gang Coordinator Gregory Keeton; SCCF Assistant Chief of Security Christopher McClain; SCCF Captain Daniel Johnson; SCCF Senior Officers Hank Inman, Robin Todd, Amber Bass, Tommy Mize, and Leigh Staggs; SCCF Officer Richard Burke; SCCF Grievance Chairperson Jessica McElroy; SCCF Medical Director Wendy Ashe; SCCF Chief of Security Clarence Potts; and the SCCF Medical Department.

and relied upon the intervention of prison inmates who were known to be involved in gang activity in order to control inmate behavior. The Plaintiff avers that the disclosure of information about a possible gang riot to the Plaintiff and other inmates was reckless and placed the Plaintiff and those inmates at a greater risk of danger to their personal safety. In addition, the Plaintiff alleges that disclosure of the rumor of an impending gang riot increased the level of tension between the two gangs and "alerted and alarmed both gangs into a heightened state of panic and fear of being attacked by opposing gangs." See Complaint (Docket Entry No. 1), at ¶ 11. The Plaintiff asserts that this fear caused some inmates to arm themselves for protection and led some inmates to "feel the need to attack before being attacked which is essentially what happened." Id. at ¶ 12.

Upon the Court's initial review of the Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the Court concluded that the Plaintiff stated colorable constitutional claims under the Eighth Amendment against Defendants Derrick Schofield, CCA, Gregory Keeton, Hank Inman, Robin Todd, Amber Bass, Daniel Johnson, Christopher McClain, and Arvil Chapman based upon his allegations that they acted with deliberate indifference to a serious risk of harm to his personal safety. See Memorandum and Order entered May 13, 2014 (Docket Entry Nos. 3 and 4). The Court also concluded that the Plaintiff stated a viable Eighth Amendment claim against Defendant Tommy Mize in his individual capacity based upon allegations that Mize acted with deliberate indifference to the Plaintiff's serious medical needs in the aftermath of the attack, as well as a colorable First Amendment retaliation claim against Defendants Leigh Staggs and Richard Burke based on allegations that they retaliated against the Plaintiff for filing a grievance by interfering with the grievance process at the SCCF. However, the Court dismissed the Plaintiff's

claims against the TDOC, Jessica McElroy, Wendy Ashe, Clarence Potts, and the SCCF Medical Department for failure to state a claim. See Docket Entry No. 4, at 2-3.

After a period of pre-trial activity occurred, the Court granted Defendant Schofield's motion to dismiss for failure to state a claim and dismissed Schofield from the action with prejudice. See Docket Entry No. 68. The Court also granted the motion dismiss filed by Defendants Johnson and Mize and dismissed them from the action without prejudice for failure to be properly served with process. See Docket Entry No. 69.

## II. MOTION FOR SUMMARY JUDGMENT

The remaining Defendants move for summary judgment on the ground that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. In support of their motion, the Defendants rely upon their Statement of Undisputed Material Facts (Docket Entry No. 90), the Declaration of Amber Bass (Docket Entry No. 91), the Declaration of Richard Burke (Docket Entry No. 92), the Declaration of Arvil Chapman (Docket Entry No. 93), the Declaration of Hank Inman (Docket Entry No. 94), the Declaration of Gregory Keeton (Docket Entry No. 95), the Declaration of Christopher McClain (Docket Entry No. 96), the Declaration of Jessica McElroy (Docket Entry No. 97), the Declaration of Leigh Staggs (Docket Entry No. 98), and the Declaration of Robin Todd (Docket Entry No. 99).

The Defendants first raise the technical argument that the Plaintiff has not met the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") for his Eighth Amendment claim because he failed to exhaust his available administrative remedies at the SCCF for this claim. With respect to the Plaintiff's retaliation claim, Defendants Staggs and Burke assert

that there is no evidence showing that they took any actions against the Plaintiff that would support a retaliation claim.

With respect to the merits of the Plaintiff's Eighth Amendment claim, the Defendants contend that there are no facts supporting a claim that any of the Defendants acted with deliberate indifference toward a serious risk to the Plaintiff's personal safety and that there is likewise no evidence showing that an official policy at ths SCCF was the cause of the inmate attack that injured the Plaintiff. The Defendants acknowledge that a series of fights involving inmates who were members of gangs occurred at the SCCF on September 1, 2013, and that the Plaintiff was injured in one of these fights. However, the Defendants contend that the fights began suddenly and without warning and that prison officials immediately took safety measures to bring the incidents under control. The Defendants assert that they had not received information prior to the fight that placed any of them on notice that the Plaintiff was at a risk of harm, that none of the inmates involved in the fights, including the Plaintiff, had requested protective custody or informed any of the Defendants of a planned or potential gang fight prior to the incident, and that Plaintiff never expressed to any of the Defendants a personal fear for his safety. The Defendants further assert that the Plaintiff was an active participant in the fight in which he was involved, caused life-threatening wounds to another inmate, and was found guilty in a prison disciplinary proceeding of assaulting another inmate during the fight. The Defendants deny the Plaintiff's allegations that Defendants Keeton, Inman, Todd, Bass and McClain, at the direction of Defendant Chapman, held meetings with inmate gang leaders in an attempt to prevent a gang related incident from occurring and that SCCF staff relied on the assurances of SCCF inmates in order to deter gang violence at the SCCF.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a trier of fact could find in favor of the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

Summary judgment should be granted to the Defendants. Although the Plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d) and 28 U.S.C. § 1915A, when his claims are challenged upon a motion for summary judgment, he must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). His pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material

fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. <u>Sixty Ivy St. Corp. v. Alexander,</u> 822 F.2d 1432, 1435 (6th Cir. 1987). The Plaintiff fails to satisfy this requirement.

First, the Defendants' argument that the Plaintiff failed to properly exhaust his Eighth Amendment personal safety claim has merit. The Plaintiff has not presented evidence to the Court that he properly exhausted his available administrative remedies as to his claim that prison officials were deliberately indifferent to his need for safety. The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. <u>Porter v. Nussle</u>, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998).

Once the defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. <u>See</u> <u>Napier v. Laurel Cnty., Ky.</u>, 636 F.3d 218 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, the Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. <u>Thomas v. Woolum</u>, 337 F.3d 720, 733 (6th Cir. 2003), <u>abrogated on other grounds</u>, <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). It is further well-settled that there is no futility exception to the exhaustion requirement. <u>Booth</u>, 532 U.S. at 741 n.6; <u>Napier</u>, 636 F.3d at 222.

The Defendants have set forth evidence that a three level grievance system is available to inmates at the SCCF, see Declaration of McElroy (Docket Entry No. 97), at ¶ 6, and that, although the Plaintiff filed a grievance on September 8, 2013, about the incident in which he was attacked, the subject of the grievance was about Officer Mize's failing to provide the Plaintiff with prompt medical care after the fight and about the Plaintiff's follow-up medical care for the wounds he received in the fight. Id. at ¶ 9. The Defendants assert that there is no record that the Plaintiff filed any type of grievance about prison officials failing to protect him from the inmate attack or taking actions that placed him at a greater risk of attack. The Plaintiff has not set forth any evidence disputing the Defendants' proof on this issue or showing that he took steps to exhaust his administrative remedies pertaining to his personal safety claim. It is the Plaintiff's burden to rebut the Defendants' contention that he failed to exhaust, see Napier, supra, and he has failed to satisfy his burden of showing exhaustion under the PLRA. Dismissal of the Plaintiff's Eighth Amendment personal safety claim is warranted for this reason alone.[3]

Second, the Plaintiff has not set forth evidence in support of his claims that is sufficient to raise genuine issues of material fact that require that his claims proceed to trial. No reasonable jury could find in favor of the Plaintiff based upon the evidence that is before the Court.

With respect to the Plaintiff's retaliation claim, the Sixth Circuit Court of Appeals has set forth the following test in order to determine whether a prisoner's allegations of retaliation rise to the level of a First Amendment claim. The Plaintiff must show that: 1) he engaged in protected conduct; 2) a sufficiently serious adverse prison action was taken against him that would deter a

---

[3] The Defendants do not raise an exhaustion defense to the Plaintiff's retaliation claim.

person of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.  Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).  The Plaintiff has the burden of proof on all three elements.  Murray v. Unknown Evert, 84 Fed.Appx. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003).

The adverse action the Plaintiff asserts that he suffered is that Defendant Staggs improperly "disqualified" the third level appeal the Plaintiff attempted to file from the denial of his September 8, 2013, grievance, and that Defendant Burke provided a witness statement supporting Staggs.  Even when construed in the light most favorable to the Plaintiff, the Court finds that the purported actions of the Defendants are simply so minor and de minimis that they do not rise to the level of a sufficiently serious action that would deter a prisoner of "ordinary firmness" from continuing to engage in the act of pursuing an administrative grievance.  See Thaddeus-X, 175 F.3d at 396; Ross v. Westchester Cnty. Jail, 2012 WL 86467, *8 (S.D.N.Y. Jan. 11, 2012) (the refusal to file a single grievance is, without more, insufficient to constitute an adverse action); Stone v. Curtin, 2011 WL 3879505, *4 (W.D. Mich. Aug. 31, 2011) (the failure to process a prison grievance would not deter a prisoner of ordinary firmness from exercising his right to file a grievance); Green v. Caruso, 2011 WL 1113392, *9 (W.D. Mich. March 24, 2011) (the denial of a prisoner's grievances was not sufficiently adverse to support a retaliation claim); Burgos v. Canino, 641 F.Supp.2d 443, 454 (E.D. Pa.) aff'd, 358 F. App'x 302 (3d Cir. 2009) (the rejection or denial of prison grievances does constitute an adverse action for purposes of a retaliation claim).  Because the Court finds that there is no evidence supporting the adverse action element of the Plaintiff's retaliation claim, summary judgment should be granted to Defendants Staggs and Burke and it is not necessary to address the

Defendants' argument that the Plaintiff also fails to show that the Defendants acted with a retaliatory motive.

With respect to the Plaintiff's personal safety claim, the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety." Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Thus, it is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011). Nonetheless, the mere fact that the Plaintiff was attacked by another inmate is not sufficient to support a constitutional claim. Hester v. Morgan, 52 Fed.App'x 220, 225 (6th Cir. 2002). Although violence among the prison population is an unfortunate reality, not all violence suffered by an inmate at the hands of other inmates is traceable to constitutionally culpable conduct by prison officials or staff. See Wilson v. Yaklich, 148 F.3d 596, 600 (6th Cir. 1998); Woods v. Lecureux, 110 F.3d 1215, 1225 (6th Cir. 1997).

To succeed on his Eighth Amendment claim, the Plaintiff must satisfy both an objective and a subjective prong. To satisfy the objective prong, the Plaintiff must set forth evidence showing that there was a substantial risk of serious harm to his safety. Id. at 834. However, an inmate's general concerns about prison safety does not show that there was a substantial risk of serious harm toward the inmate, see Gant v. Campbell, 4 Fed.App'x. 254, 256, 2001 WL 132337 (6th Cir. Feb. 6, 2001), nor does mere evidence of general violence among inmates at a prison show the existence of a substantial risk of serious harm to a particular inmate. See Hester, 52 Fed.App'x at 222-23; Woods, supra.

The subjective prong requires the Plaintiff to show that the Defendants knew or should have known of substantial risk to his safety and that the Defendants acted or failed to act in a manner which was deliberately indifferent to this substantial risk. Farmer, 511 U.S. at 834-37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). As the Supreme Court held in Farmer, a plaintiff must show that the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." 511 U.S. at 837. However, "the failure to alleviate a significant risk that an official should have perceived but did not, while no cause for commendation," cannot be the basis of a deliberate indifference claim. Id. at 838. While the Plaintiff is not required to show that a defendant had an actual intent for the Plaintiff to be harmed, the Plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." Id. at 835.

In the instant case, the Defendants have set forth evidence that none of the individual Defendants had any information prior to the incident of September 1, 2013, that alerted them that an inmate fight was going to occur or that the Plaintiff was at risk of being attacked by other inmates. Through the Declarations submitted by the Defendants in support of their motion, they contend that the Plaintiff did not request to be placed in protective custody, which is an option that is available for inmates who fear physical harm from other inmates, and did not express to any of the Defendants that he feared for his personal safety. This evidence is unrebutted by the Plaintiff, who has not provided any evidence opposing the Defendants' motion or otherwise supporting his claim.

In the face of the affirmative evidence from Defendants, the Plaintiff cannot merely rest on allegations contained in the complaint, but he must respond with affirmative evidence supporting

his claims and establishing the existence of a genuine issue of material fact.  See Celotex Corp., 477 U.S. at 323-24; Chao, supra; Cloverdale Equip. Co., supra; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986).  In the absence of affirmative evidence supporting his claim, no reasonable jury could find that the attack upon the Plaintiff was the result of culpable conduct on the part of the Defendants in violation of the Plaintiff's Eighth Amendment rights.  He has not rebutted the Defendants' evidence that they were not aware of a substantial risk of harm to him or their evidence that he had not requested protection or otherwise alerted them that he feared he would be attacked by other inmates.  At best, the allegations contained in the Plaintiff's complaint support only a claim that the Defendants could have taken other or different actions with respect to the existence of violence among gang inmates at the SCCF.  However, proof of negligence or inadvertence is not sufficient to support a constitutional claim.  See Farmer, 511 U.S. at 835–36; Gibson v. Foltz, 963 F.2d 851, 853–54 (6th Cir. 1992).  The Plaintiff has not set forth evidence showing that the Defendants acted with deliberate indifference to a substantial risk to his safety as is required for constitutional liability.  The Plaintiff has likewise not supported with any evidence his assertion that a prison policy was the cause of the attack upon him.  In light of the lack of any evidence from the Plaintiff supporting his claim, any factual issues that exist do not rise to the level of genuine issues of material fact that require resolution of this action at trial.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 88) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


JULIET GRIFFIN
United States Magistrate Judge