UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM L. JENKINS, )<br>)<br>Movant, )<br>) No. 1-14-00053<br>v. ) Senior Judge Haynes<br>)<br>TENNESSEE DEPARTMENT )<br>CORRECTIONS, et al., )<br>)<br>Defendants. ) | |

## ORDER

Before the Court are Plaintiff's motions to alter or amend (Docket Entry Nos. 77 and 78) the Court's granting of Defendant Derrick Schofield's motion to dismiss (Docket Entry No. 25) for failure to state a claim AS Plaintiff failed to allege plausible facts to impose personal liability and Defendants Daniel Johnson's and Tommy Mize's motion to dismiss (Docket Entry No. 28) for failure to serve. See Orders, Docket Entry Nos. 68 and 69; see also Docket Entry Nos. 17 and 18, Summons Returned Unexecuted.

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose." Waiters, 2009 WL 3063384, at *1. A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus,

parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

After reviewing Plaintiff's motion to alter or amend and reasons in support, the Court concludes that Plaintiff fails to raise any valid grounds to amend or vacate the Court's judgment. Plaintiff does not demonstrate that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the granting of his motion would prevent manifest injustice.

Accordingly, Plaintiff's motions to alter or amend (Docket Entry Nos. 77 and 78) are **DENIED**.

It is so **ORDERED**.

ENTERED this the ___ day of June, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge